IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EMERALD COAST FINEST PRODUCE**
**COMPANY, INC.**                                                                **PLAINTIFF**

V.                                          CIVIL ACTION NO. 2:14-CV-166-KS-MTP

**SUNRISE FRESH PRODUCE, LLC,** *et al.*                        **DEFENDANTS**

### ORDER

Plaintiff, Emerald Coast Finest Produce Company, Inc., ("Emerald Coast"), filed a Motion for Partial Summary Judgment [111], arguing that the Court "must apply Florida law to the issues of duty, breach of duty, coverage amounts, and all other issues raised regarding the procurement and/or application of the Alterra Policy . . . ." Emerald Coast also filed a Motion to Stay [111] consideration of the other pending dispositive motions until it had addressed the choice of law question.

"A federal court siting in diversity follows the choice of law rules of the state in which it sits." *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 906 F.2d 158, 167 (5th Cir. 1990). Under Mississippi law, a choice of law analysis is only necessary if there is a "true conflict between the laws of the two states, each having an interest in the litigation." *S.C. Ins. Co. v. Keymon*, 974 So. 2d 226, 230 (Miss. 2008). If there is a true conflict between the laws of two states, Mississippi courts address "choice of law issues by applying the following steps: (1) determine whether the laws at issue are substantive or procedural; (2) if substantive, classify the laws as either tort, property, or contract; and (3) look to the relevant section of the Restatement (Second) of Conflict of Laws." *Hartford Underwriters Ins. Co. v. Found. Health Servs.*, 524 F.3d 588, 593 (5th Cir. 2008). The type of law will

determine the factors considered by the Court. *Compare Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 226 (5th Cir. 2010) (applying Section 145 of the Restatement (Second) of Conflict of Laws to tort claims), *to Fortune v. Taylor Fortune Grp., LLC*, No. 15-60009, 2015 U.S. App. LEXIS 13788, at *6 (5th Cir. Aug. 4, 2015) (applying Section 188 of the Restatement to contract claims).

Emerald Coast provided only *two* pages of argument in its initial brief.[1] Although it asserted five different causes of action sounding in both contract and tort against three different defendants, it failed to conduct a separate choice of law analysis for each claim. *See Hartford*, 524 F.3d at 593. In fact, Emerald Coast did not even argue – much less demonstrate – that there is a "true conflict between the laws of" Florida and Mississippi as to each claim, which is a prerequisite for engaging in a choice-of-law analysis. *Keymon*, 974 So. 2d at 230. Emerald Coast also failed to address the effect, if any, of the choice of law provision within its Lease Agreement [45-3] with Defendant Sunrise Fresh Produce, LLC. In the absence of sufficient briefing, the Court declines to consider the choice of law question.

Accordingly, the Court **denies** Plaintiff's Motion for Partial Summary Judgment [111] **without prejudice**, and it **denies** Plaintiff's Motion to Stay [113] **as moot**.

SO ORDERED AND ADJUDGED this 16th day of December, 2015.

                                 *s/Keith Starrett*
                                 UNITED STATES DISTRICT JUDGE

---

[1] The Court will not consider arguments raised by Emerald Coast for the first time in its reply brief. *In re Robinson*, 777 F.3d 792, 798 n. 6 (5th Cir. 2015).