IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


**EMERALD COAST FINEST PRODUCE**
**COMPANY, INC.**                                                                                 **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:14-CV-166-KS-MTP**

**SUNRISE FRESH PRODUCE, LLC,** *et al.*                                  **DEFENDANTS**

### ORDER

For the reasons below, the Court **denies** Emerald Coast's Rule 56(d) Motions [56, 81], and it **grants** BancorpSouth and Alterra's Motions for Summary Judgment [45, 71].

### I. BACKGROUND

This case arises from a warehouse fire in April 2013. Plaintiff Emerald Coast Finest Produce Company, Inc. ("Emerald Coast") owned the building and leased it to Defendant Sunrise Fresh Produce, LLC ("Sunrise"). The lease agreement required Sunrise to "provide and keep in force fire and extended coverage property damage insurance on the Premises equal to 100% of the replacement value of the building." The building burned down. Emerald Coast claims that the cost to repair or replace it is $15,000,258.19, but the policy insuring the building only provides $5,000,000 in coverage.

In its Amended Complaint [3], Emerald Coast asserted negligence claims against Defendants BancorpSouth Insurance Services, Inc. ("BancorpSouth") and Alterra American Insurance Co. ("Alterra"). Specifically, Emerald Coast contends that it was a third-party beneficiary of the insurance policy. It argues that BancorpSouth is a successor-in-interest to Hewes Insurance, and that Hewes negligently failed to procure

insurance coverage equal to the replacement cost of the subject warehouse. Likewise, Emerald Coast argues that Alterra is liable for its insurance agent's actions.

BancorpSouth and Alterra filed Motions for Summary Judgment [45, 71]. Each argues that it owed no duty to Emerald Coast, and that it procured a policy as specifically instructed by Sunrise. Emerald Coast filed Motions [56, 81] pursuant to Rule 56(d), asking the Court to deny BancorpSouth and Alterra's Motions for Summary Judgment [45, 71] and permit further discovery. The parties' motions are ripe for review.

## II. RULE 56(D) MOTIONS [56, 81]

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)   defer considering the motion or deny it;

(2)   allow time to obtain affidavits or declarations or to take discovery; or

(3)   issue any other appropriate order.

FED. R. CIV. P. 56(d).

Motions for discovery under Rule 56(d) "are broadly favored and should be liberally granted." *Culwell v. City of Forth Worth*, 468 F.3d 868, 871 (5th Cir. 2006). "Although a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course, the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). Vague assertions that discovery will reveal unspecified facts are insufficient. *See Am. Family*

*Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). The party seeking a continuance is required to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* The decision to grant or deny a 56(d) motion is committed to the sound discretion of the trial court. *See Saavedra v. Murphy Oil USA, Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991).

For reasons provided below, the Court finds that Defendants' Motions for Summary Judgment [45, 71] present a discrete question of law, the resolution of which does not require consideration of any evidence. Therefore, Plaintiff has not demonstrated that "emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Accordingly, the Court **denies** Plaintiff's Rule 56(d) Motions [56, 81].[1]

### III. MOTIONS FOR SUMMARY JUDGMENT [45, 71]

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy*

---

[1]The Court also notes that Plaintiff has had over seven months to conduct discovery since it filed its first 56(d) motion [56] on May 8, 2015. Virtually all of the parties' discovery has occurred during those intervening months. At least half the docket consists of discovery notices. The parties have traded written discovery responses, issued and executed subpoenas, sought and received a protective order, noticed depositions, sought and received extensions of discovery deadlines, designated experts, and filed motions and briefs related to various discovery disputes – all since Plaintiff filed its Rule 56(d) motions. In spite of all this, Plaintiff has not sought leave to supplement its responses to Defendants' dispositive motions.

*Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Plaintiff contends that BancorpSouth and Alterra owed it a duty to 1) determine the replacement cost of the warehouse before placing coverage, 2) properly inspect the premises to determine the replacement cost before placing coverage, 3) take other precautions to determine the replacement cost before placing coverage, and 4) procure insurance coverage equal to the replacement cost of the warehouse. Each of these claims arises from the procurement of the policy; Plaintiff contends that Defendants negligently failed to procure enough insurance coverage on the warehouse. Among other issues, Defendants' Motions for Summary Judgment [45, 71] present a discrete question of law: may a third-party beneficiary of an insurance policy assert a negligence claim against the

4

insurer and/or its agent arising from the policy's *procurement*, rather than its fulfillment?

"Under the principles of agency, an insurer is bound by the acts of agents," *USF&G v. Francis*, 825 So. 2d 38, 51 (Miss. 2002), and knowledge gained by an insurance agent within the scope of its agency is imputed to the insurer. *See S. United Life Ins. Co. v. Caves*, 481 S. 2d 764, 767 (Miss. 1985)."An insurance agent must use that degree of diligence and care with reference thereto which a reasonably prudent person would exercise in the transaction of his own business." *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (Miss. 2010). Insurance agents do not have an "affirmative duty to advise buyers regarding their coverage needs," but if they "offer advice to insureds, they have a duty to exercise reasonable care in doing so." *Id.* at 1163. Likewise, "if an insurance agent or broker with a view to being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby." *Id.* at 1164. Phrased differently, "[a]n insurance agent owes a duty to his principal to procure insurance policies with reasonable diligence and good faith," commensurate with "the level of skill in procuring insurance reasonably expected of one in that profession." *Taylor Mach. Works v. Great Am. Surplus Lines Ins. Co.*, 635 So. 2d 1357, 1362 (Miss. 1994). The agent must:

> . . . exercise good faith and reasonable diligence to procure insurance on the best terms he can obtain, and any negligence or other breach of duty on his part which defeats the insurance he procures will render him liable for the resulting loss. In this regard, the agent must faithfully carry out the instructions given him by his principal, his duty being not merely to obtain a policy, but to obtain one which conforms to the application.

*First United Bank v. Reid*, 612 So. 2d 1131, 1137 (Miss. 1992).

"[U]nder Mississippi law, a third party may maintain an action as a third-party beneficiary to enforce a promise made for their benefit. However, this right must spring from the terms of the contract." *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1136 (Miss. 2004). "[A] third-party beneficiary may sue for a contract breach only when the alleged broken condition was placed in the contract for their direct benefit." *Id.*

> In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must be a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must have a legal duty which connects the beneficiary with the contract. In other words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself.

*Id.* at 1146 (quoting *Hanberry Corp. v. State Bldg. Comm'n*, 390 So. 2d 277, 279 (Miss. 1980)).

Assuming that Plaintiff is a third-party beneficiary of the insurance policy, its negligence claims against BancorpSouth and Alterra are untenable because an insurer's duties to a third-party beneficiary "must spring from the terms of the contract itself," and "a third-party beneficiary may sue for a contract breach only when the alleged broken condition was placed in the contract for their direct benefit." *Rein*, 865 So. 2d 1136. Plaintiff argues that BancorpSouth and Alterra owed it the duty of procuring coverage in a certain amount, and that this duty arose under the insurance policy acquired by Sunrise for its benefit. If the duty arose under the policy – as it must, if it is attributable to Plaintiff's status as a third-party beneficiary – it could not have existed prior to the policy's execution. *See Byrd v. Principal Casualty Ins. Co.*, 781 F. Supp. 1177, 1179-80

(S.D. Miss. 1991) (third-party beneficiary of an insurance policy could not assert a failure-to-procure claim against the procuring agent) (citing *Westmoreland v. Raper*, 511 So. 2d 884, 886 (Miss. 1987); *Miss. High School Activities Ass'n v. Farris*, 501 So. 2d 393, 396 (Miss. 1984)).

The Court notes that Plaintiff cited no Mississippi case in which a third-party beneficiary of an insurance policy was permitted to assert a negligence claim arising from an insurance agent's failure to procure adequate coverage. Indeed, this Court's own research has revealed no such cases. Instead, Mississippi courts have consistently held that duties owed to the third-party beneficiary of a contract must "spring from the terms of the contract itself" to be enforceable. *Rein*, 865 So. 2d 1136. Procurement of the policy necessarily occurs before the policy exists. Therefore, a duty to procure certain coverage can not "spring from the terms of the contract itself." *Id.*

## IV. CONCLUSION

For these reasons, the Court **denies** Emerald Coast's Rule 56(d) Motions [56, 81], and it **grants** BancorpSouth's and Alterra's Motions for Summary Judgment [45, 71].

SO ORDERED AND ADJUDGED this 23rd day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE