IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EMERALD COAST FINEST PRODUCE**
**COMPANY, INC.**                                                                                             **PLAINTIFF**

V.                                           CIVIL ACTION NO. 2:14-CV-166-KS-MTP

**SUNRISE FRESH PRODUCE, LLC,** *et al.*                                                    **DEFENDANTS**

### ORDER

For the reasons provided below, the Court **denies** both Defendant's Motion to Strike Untimely Expert Opinions [289] and its Motion to Exclude Evidence [265] for failure to comply with the Court's discovery orders.

### I. BACKGROUND

The Court provided the background of this case in a previous order. *See Emerald Coast Finest Produce Co., Inc. v. Sunrise Fresh Produce, LLC,* No. 2:14-CV-166-KS-MTP, 2015 U.S. Dist. LEXIS 171191, at *1-*2 (S.D. Miss. Dec. 23, 2015). On December 8, 2015, the Court entered an Order [209] granting in part and denying in part Defendant's Motion to Compel [189] supplemental responses to five of its interrogatories. In relevant part, the Court ordered Plaintiff to supplement certain interrogatory answers to provide its current estimate of the cost of repairs needed to restore the warehouse to its pre-fire condition, as well as specific information related to the repairs completed or in progress since the fire, and the contractors and/or subcontractors hired to perform them. Plaintiff filed a Motion for Reconsideration [210], which the Court granted in part and denied in part [228]. Specifically, the Court granted Plaintiff a modest extension of time – until January 22, 2016 – to provide

supplementary discovery responses, but it denied the motion in all other respects.

On February 8, 2016, Plaintiff served [259] Defendants its Supplemental Designation of Experts, and on February 11, 2016, Plaintiff served [262] Defendants its Second Supplemental Answers to Interrogatories. About a week later, Defendant filed a Motion to Exclude [265] all evidence of pre-construction estimates of damage to the warehouse and of any damages above what Plaintiff had produced to date, which totaled approximately $3,867,806. Defendant argues that Plaintiff failed to comply with the Court's order and provide the required information.

On March 4, 2016, Plaintiff served [281] Defendants another set of Supplemental and Clarifying Answers to Interrogatories. On the same day, it filed its response [280] to Defendant's motion to exclude. Plaintiff argued, among other things, that it had complied with the Court's discovery order by providing the supplemental discovery responses that day and in February.

Defendant's expert designation deadline was March 11, 2016. On March 14, 2016, Defendant filed a Motion to Strike [289] Plaintiff's Supplemental and Clarifying Answers to Interrogatories and to exclude any testimony from Plaintiff's expert, David Gilbert, based on them. Defendant argued that the supplemental interrogatory answers constituted new expert opinions that were not timely disclosed.

On March 23, 2016, Defendant deposed Plaintiff's expert, David Gilbert, and the discovery deadline expired on April 8, 2016. Defendant's motions [265, 289] are now ripe for review.

## II. MOTION TO STRIKE UNTIMELY EXPERT OPINIONS [289]

Defendant argues that the Court should strike Plaintiff's Supplemental and Clarifying Answers to Interrogatories served on March 4, 2016 [289-1] related to the expert testimony of David Gilbert, and exclude any testimony from Gilbert based on them. Defendant contends that the supplemental responses constitute new expert opinions and, therefore, an untimely expert designation. The Court will assume, for the purpose of addressing the present motion, that Plaintiff's Supplemental and Clarifying Answers to Interrogatories were an untimely disclosure.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When applying Rule 37 and considering sanctions for discovery violations, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). The Court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders," *United States v. Garza*, 448 F.3d 294, 300 (5th Cir. 2006), and it has "broad discretion" in formulating such sanctions. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

The first factor weighs in favor of exclusion, insofar as Plaintiff has not provided any good reason for not timely disclosing the disputed expert testimony. But the second

3

factor weighs against exclusion because Plaintiff intends to present Gilbert's testimony as to the estimated cost to repair the subject warehouse, a key element of Plaintiff's claimed damages.

As for the third factor, the Court finds that Defendant was not prejudiced in any meaningful way. Defendant argues that it was prejudiced because it only had five working days to prepare its expert designations after receiving Gilbert's new opinions. But Defendant has not demonstrated that it was unable to adequately prepare its designations, and it did not seek an extension of its designation deadline. While the Court certainly understands that being forced into tight deadlines by the actions of others can be irritating, it is not convinced that, standing alone, these circumstances constitute prejudice.

Regardless, whatever slight prejudice might have accrued to Defendant was indisputably cured by the fact that it had the opportunity to depose Gilbert three weeks after the untimely disclosure, with another two weeks left in the discovery period after the deposition. Defendant enjoyed ample time to examine the untimely disclosure, obtain a rebuttal opinion from its own expert, prepare for Gilbert's deposition, supplement its expert disclosures, and/or pursue any other remedies it believed necessary. Therefore, as the second, third, and fourth factors weigh against exclusion, the Court denies Defendant's motion.

### III. MOTION TO EXCLUDE EVIDENCE UNDER RULE 37 [265]

Defendant argues that Plaintiff failed to comply with the Court's discovery Order [209] of December 8, 2015, and that, as sanctions, the Court should exclude the

report of Plaintiff's expert, David Gilbert which was produced in February 2016, all pre-construction repair estimates provided to Plaintiff, and all evidence of damages above what Plaintiff had produced at the time of Defendant's motion. For the purpose of addressing this motion, the Court will assume that Plaintiff failed to timely comply with the Court's order.

As noted above, the Court considers the following factors when deciding whether to exclude evidence as a sanction for discovery violations: (1) the explanation for the failure to timely disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). The Court will assume that the first factor weighs in favor of exclusion.

The second factor weighs against exclusion, as the estimated cost to repair the subject warehouse is a key element of Plaintiff's claimed damages. As for the third factor, the Court again finds that Defendant was not prejudiced in any meaningful way. As explained above, Plaintiff finally provided Defendant with more substantial discovery responses on March 4, 2016[1] – five weeks before the expiration of the discovery deadline. Whatever slight prejudice might have accrued to Defendant by

---

[1] Defendant argued in reply [286] that the Supplemental and Clarifying Answers to Interrogatories served on March 4, 2016, were still insufficient and did not comply with the Court's order. The Court declines to address this argument, as it was presented for the first time in reply. *See United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014) (the court does not generally consider arguments raised for the first time in reply). The Court also notes that Defendant's Motion to Strike [289] the March 4 disclosures only addressed the untimeliness of Plaintiff's responses, rather than their sufficiency.

Plaintiff's untimely compliance was cured by Defendant's opportunity to depose David Gilbert, Plaintiff's expert. Defendant enjoyed ample time to examine the untimely disclosure, obtain a rebuttal opinion from its own expert, prepare for Gilbert's deposition, supplement its expert disclosures, and/or pursue any other remedies it believed necessary. Therefore, as the second, third, and fourth factors weigh against exclusion, the Court denies Defendant's motion.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendant's Motion to Strike Untimely Expert Opinions [289] and Motion to Exclude Evidence [265] for failure to comply with the Court's discovery orders.

SO ORDERED AND ADJUDGED this 29th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE