IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EMERALD COAST FINEST PRODUCE COMPANY, INC.** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 2:14-CV-166-KS-MTP**

**SUNRISE FRESH PRODUCE, LLC, *et al.*** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** BancorpSouth's Motion to Strike [253] and **denies** Plaintiffs' Motions for Reconsideration [235, 237].

## I. BACKGROUND

The Court provided the factual background of this case in a previous opinion. *See Emerald Coast Finest Produce Co. v. Sunrise Fresh Produce, LLC*, No. 2:14-CV-166-KS-MTP, 2015 U.S. Dist. LEXIS 171191, at *1-*2 (S.D. Miss. Dec. 23, 2015). The Court granted Motions for Summary Judgment [45, 71] filed by BancorpSouth Insurance Services, Inc. ("BancorpSouth") and Alterra American Insurance Co. ("Alterra"). *Id.* at *10. Plaintiff claims that it was a third-party beneficiary of the insurance policy acquired by Sunrise Fresh Produce, LLC ("Sunrise Fresh"), and that BancorpSouth and Alterra owed it a duty to procure a certain amount of coverage. The Court held that these claims were untenable because an insurer's duties to a third-party beneficiary must arise from the terms of the contract itself and, therefore, could not have existed prior to the policy's execution, when it was procured. *Id.* at *7-*9. Plaintiff filed Motions for Reconsideration [235, 237], which the Court now addresses.

## II. MOTION TO STRIKE [253]

Sunrise Fresh filed its own Response [250] in support of Plaintiff's Motions for Reconsideration [235, 237]. Therein, Sunrise Fresh did not address any of the issues raised by the Motions for Reconsideration [235, 237]. Rather, Sunrise Fresh argued issues not presently before the Court – jury instructions regarding allocation of fault and potential indemnity claims against BancorpSouth and Alterra. BancorpSouth filed a Motion to Strike [253] the response, arguing that Emerald Coast does not have standing to respond to the motions for reconsideration.

The Court denies the motion to strike because Sunrise Fresh's Response [250] is irrelevant to the issues presented in Plaintiff's Motions for Reconsideration [235, 237], and, therefore, has no bearing on the Court's decision. The Court also presently declines to address any of the issues raised by Sunrise Fresh in the Response [250].

## III. MOTIONS FOR RECONSIDERATION [235, 237]

Plaintiff filed Motions for Reconsideration [235, 237] of the Court's Memorandum Opinion and Order [230] granting the Motions for Summary judgment [45, 71] filed by Defendants BancorpSouth and Alterra. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's motion was filed on the same day as the Court's opinion, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### *A. Opportunity to Respond*

First, Plaintiff asserts that it did not have an opportunity to respond to BancorpSouth and Alterra's Motions for Summary Judgment [45, 71]. This statement is false. Plaintiff filed a Response [59] to BancorpSouth's motion on May 11, 2015, and it filed a Response [82] to Alterra's motion on June 13, 2015. The Court assumes that Plaintiff meant that it did not have an opportunity to *adequately* respond to the motions because the Court denied [230] its motions [56, 81] to defer under Rule 56(d). Plaintiff contends that it should have been permitted to conduct additional discovery before the

Court addressed BancorpSouth and Alterra's motions.

As the Court explained in its previous opinion, "the party seeking additional discovery must . . . demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). The resolution of Defendants' motions did not require consideration of any evidence insofar as it hinged on a single, discrete question of law. Therefore, no amount of discovery could have had any bearing on the motions' outcome. Regardless, Defendants' motions were pending for approximately seven to eight months, and Plaintiff never sought leave to supplement its responses, despite being free to do so.

***B. Choice of Law***

Plaintiff argues that the Court erred by applying Mississippi law, rather than Florida law. Plaintiff previously filed a Motion for Partial Summary Judgment [111] on this issue, but its briefing was insuffficient. Plaintiff failed to conduct a separate choice-of-law analysis for each of its several claims against each Defendant, and it failed to demonstrate that there existed a conflict between the laws of Florida and Mississippi as to each claim. The Court is not required to "conjure up" arguments not "squarely presented" to it. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "District judges are not mind readers," *id.*, and it is not their job to fill the gaps in litigants' arguments. "To do so would not only strain judicial resources . . . , but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Therefore, the Court denied Plaintiff's motion without prejudice and

declined to address the choice-of-law issue until Plaintiff provided sufficient briefing, even though it was within the Court's discretion to simply deny the motion altogether. *See Boswell v. Claiborne Parish Det. Ctr.*, 629 F. App'x 580, *2 (5th Cir. 2015) (failure to brief an argument constitutes abandonment of it); *Momin v. Holder*, 578 F. App'x 355, 356 (5th Cir. 2014) (failure to brief an issue is sufficient basis to deny a motion); *Britt v. Jackson County*, 2012 U.S. Dist. LEXIS 88848, at *31-*32 (S.D. Miss. June 27, 2012) (plaintiff waived claims not adequately briefed). Plaintiff's briefing on the present motion is more complete, and the Court will now address the choice-of-law question.

A federal court sitting in diversity is bound to follow the substantive law of the forum state, including that state's choice-of-law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941). In Mississippi, a choice-of-law analysis is only appropriate where there is a true conflict between the laws of two or more states having an interest in the litigation. *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 432 (Miss. 2006). Plaintiff's claims against BancorpSouth and Alterra arise from alleged breaches of duty in the procurement of an insurance policy, and Plaintiff argues that these duties arise from its status as a third-party beneficiary of the insurance policy itself. Therefore, the question presented by the parties' briefing is whether the third-party beneficiary of an insurance policy may assert a negligence claim arising from an insurance agent's procurement of the policy.

*1. Mississippi Law*

Under Mississippi law, "[a]n insurance agent owes a duty to his principal to procure insurance policies with reasonable diligence and good faith," commensurate

with "the level of skill in procuring insurance reasonably expected of one in that profession." *Taylor Mach. Works v. Great Am. Surplus Lines Ins. Co.*, 635 So. 2d 1357, 1362 (Miss. 1994). Additionally, "a third party may maintain an action as a third-party beneficiary to enforce a promise made for their benefit," but "this right must spring from the terms of the contract." *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1136 (Miss. 2004).

> In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must be a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must have a legal duty which connects the beneficiary with the contract. In other words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself.

*Id.* at 1146 (quoting *Hanberry Corp. v. State Bldg. Comm'n*, 390 So. 2d 277, 279 (Miss. 1980)).

But duties owed to the third-party beneficiary of an insurance policy arise under the policy and, therefore, can not exist prior to the policy's existence. *Byrd v. Principal Ins. Co.*, 781 F. Supp. 1177, 1179-80 (S.D. Miss. 1991) (citing *Westmoreland v. Raper*, 511 So. 2d 884, 886 (Miss. 1987); *Miss. High School Activities, Ass'n v. Farris*, 501 So. 2d 393, 396 (Miss. 1984)). Procurement of a policy necessarily occurs before the policy is executed. Accordingly, under Mississippi law, the third-party beneficiary of an insurance policy can not assert a negligence claim arising from breach of the duty to procure adequate coverage. In other words, if the duty arises under the policy, it can not be breached before the policy exists.

2. *Florida Law*

Under Florida law, "to bring a direct cause of action against an agent for his negligence in procuring a policy, one must allege status as a legally recognized beneficiary of the written or implied contract to procure insurance between the agent and the named insured." *Rihon v. Wilson*, 415 So. 2d 94, 96 (Fla. Dist. Ct. App. 1982). Status as a third-party beneficiary of the insurance policy itself is insufficient. *Id.* Rather, "the third party must allege that it is a third party beneficiary to both the insurance policy and the contract to procure insurance." *Aero Techs., LLC v. Lockton Cos. Int'l*, No. 09-20610-CIV-KING, 2011 U.S. Dist. LEXIS 157425, at *12 (S.D. Fla. Apr. 25, 2011); *see also Mudano v. Frenkel & Co.*, 489 So. 2d 1184, 1184 (Fla. Dist. Ct. App. 1986); *Hamer v. Kahn*, 404 So. 2d 847, 850 (Fla. Dist. Ct. App. 1981).

Here, Plaintiff has only argued that it is a third-party beneficiary of the insurance policy. In fact, in the First Amended Complaint, Plaintiff did not assert that it was a third-party beneficiary of any contract. But in its responses [59, 82] to BancorpSouth and Alterra's motions for summary judgment, Plaintiff argued that it was a third-party beneficiary of the insurance policy. Therefore, as Plaintiff has neither pleaded nor argued that it was a third-party beneficiary of any contract to procure insurance, Florida law does not permit it to maintain a cause of action against BancorpSouth and Alterra arising from procurement of the policy.

Plaintiff failed to refer to any of the Florida precedents cited above, relying instead on the following statute:

(1) No contract of insurance of property or of any interest in property

> or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
>
> (2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

FLA. STAT. § 627.405 (2016). Therefore, "[u]nder Florida law, an insurance company's promise to pay the extent of a loss may be enforced by a third-party beneficiary even if he possesses no policy in his name." *Conyers v. Balboa Ins. Co.*, 935 F. Supp. 2d 1312, 1316 (M.D. Fla. 2013).

As indicated by the authorities cited in the Court's analysis above, Florida law draws a distinction between an agreement to procure insurance and the insurance policy itself. Here, Plaintiff does not seek to enforce the policy. Rather, it claims that BancorpSouth and Alterra failed to fulfill their duties to procure adequate coverage. Therefore, a Florida statute defining the category of persons who may enforce an insurance policy is irrelevant to the question of whether Plaintiff can maintain a cause of action arising from an agreement to procure an insurance policy.

*3. Summary*

For these reasons, the Court concludes that there is no relevant conflict of laws. Under either Mississippi or Florida law, Plaintiff's claims against BancorpSouth and Alterra fail, and it is not necessary to conduct a full choice-of-law analysis. *Goodwin*, 920 So. 2d at 432. Accordingly, the Court concludes that Plaintiff has not provided the Court with any reason to reconsider its previous rulings.

## IV. CONCLUSION

For the reasons above, the Court **denies** BancorpSouth's Motion to Strike [253] and **denies** Plaintiffs' Motions for Reconsideration [235, 237].

SO ORDERED AND ADJUDGED this 29th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE